**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 13-CV-00303-VEB

KEVIN P. BREWSTER,

                    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In April of 2010, Plaintiff Kevin P. Brewster applied for Supplemental Security Income ("SSI") Benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Calbom & Schwab, P.C., David L. Lybbert, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On March 5, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 17).

## II. BACKGROUND

The procedural history may be summarized as follows:

On April 9, 2010, Plaintiff applied for SSI benefits and DIB, alleging disability beginning February 1, 2009. (T at 167-73, 174-78).[1]  The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On March 19, 2012, a hearing was held before ALJ Marie Palachuk. (T at 44).  Plaintiff appeared with his attorney and testified. (T at 59-74). The ALJ also received testimony from Dr. Minh Vu, a medical expert (T at 48-59), and Sharon Welter, a vocational expert (T at 74-83).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 12.

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

On March 28, 2012, ALJ Palachuk issued a written decision denying the applications and finding that Plaintiff was not entitled to benefits under the Social Security Act. (T at 17-34). The ALJ's decision became the Commissioner's final decision on June 20, 2013, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-7).

On August 12, 2013, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on October 15, 2013. (Docket No. 11).

Plaintiff filed a motion for summary judgment on February 4, 2014. (Docket No. 16). The Commissioner moved for summary judgment on May 5, 2014. (Docket No. 21). Plaintiff filed a reply memorandum of law on May 19, 2014. (Docket No. 22). As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 7).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

# III. DISCUSSION

## A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

4

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2009, the alleged onset date, and met the insured status requirements of the Social Security Act through June 30, 2014. (T at 22). The ALJ determined that Plaintiff's monocular vision, hearing impairment (correctable with hearing aids), asthma (well controlled), and allergic rhinitis were impairments considered "severe" under the Act. (Tr. 22-23).

The ALJ found that Plaintiff's impairments did not meet or medically equal any of the impairments set forth in the Listings. (T at 23-24).  The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), except that he could never climb ladders, ropes, or scaffolds; had mild limitation in his depth perception and field of vision; communicated best face-to-face; and was required to avoid concentrated exposure to extreme cold and respiratory irritants and even moderate exposure to industrial noise, vibration, and hazards. (T at 24-27).

The ALJ concluded that Plaintiff could not perform his past relevant work as a hand packager, janitor, cabinet assembler, shipping and receiving clerk, production assembler, or tester of printed circuit boards. (T at 27-28). However, considering Plaintiff's age (33 years old on the alleged onset date), education (high school),

8

work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28-29). Accordingly, the ALJ found that Plaintiff was not disabled, as defined under the Act, from February 1, 2009 through March 28, 2012 (the date of her decision) and was therefore not entitled to benefits. (T at 29-30). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

## D.    Plaintiff's Arguments

Plaintiff contends that the Commissioner's decision should be reversed. He offers five (5) main arguments in support of this position. First, Plaintiff argues that the ALJ's analysis of his treating physical therapist's opinion was flawed. Second, Plaintiff contends that the ALJ should have found his degenerative disc disease to be a severe impairment. Third, Plaintiff challenges the ALJ's credibility assessment. Fourth, Plaintiff contends that the ALJ did not adequately develop the record. Fifth, Plaintiff contends that the ALJ did not meet the burden of proof at step five of the sequential evaluation. This Court will address each argument in turn.

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

# IV. ANALYSIS

## A.    Physical Therapist Opinion

In September of 2010, Dr. Justina Bolz, Plaintiff's family physician, noted that Plaintiff complained of back pain, opined that it was "mostly related to poor muscle tone," and referred him to physical therapy. (T at 352).

In February of 2011, Michael Williams, a physical therapist, diagnosed signs and symptoms "consistent with [a] diagnosis of low back pain, most likely secondary to dysfunction syndrome." (T at 374).  He found that Plaintiff's bilateral side bending was limited by 50%. (T at 373).  Nancy Thompson, a physician's assistant, signed Mr. Williams's report. (T at 374).

The ALJ gave little weight to Mr. Williams's opinion. (T at 27).  Plaintiff challenges this assessment.  This Court finds that the ALJ's decision was in accord with applicable law and supported by substantial evidence.

In evaluating a claim, the ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

workers, and chiropractors. SSR 06-03p.  The opinion of an acceptable medical

source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527,

416.927.  For example, evidence from "other sources" is not sufficient to establish a

medically determinable impairment. SSR 06-03p.  However, "other source" opinions

must be evaluated on the basis of their providers' qualifications, whether their

opinions are consistent with the record evidence, whether they provided evidence in

support of their opinions, and whether the other source is "has a specialty or area of

expertise related to the individual's impairment." *See* SSR 06-03p, 20 CFR

§§404.1513 (d), 416.913 (d).   The ALJ must give "germane reasons" before

discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.

1993).

Here, the ALJ properly noted that no acceptable medical source made findings

supporting Mr. Williams's assessment of Plaintiff's back pain complaints and

limitations. (T at 27).  Thus, there was no opinion from an acceptable medical source

establishing a medically determinable back impairment, which is a prerequisite for

acceptance of an "other source" opinion under the Regulations. *See* SSR 06-03p.  In

addition, Plaintiff's treating relationship with Mr. Williams appears to have been

limited to 8 visits over a period of 30 days in January and February of 2011.  On

February 26, 2011 (the date of his last visit with Mr. Williams), Plaintiff reported

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

that he still had intermittent pain, but with less frequency. (T at 378).  He advised that he was able to "do more activities around the house without pain." (T at 378). Ms. Thompson (a treating physician's assistant) signed Mr. Williams's report and noted that Plaintiff did not extend fully and exhibited "some stiffness" when walking and with lateral bending. (T at 365).  However, she did not assess any work-related limitations and recommended weight loss and physical therapy with regular aerobic exercise, strength training, and stretching. (T at 366).  The ALJ noted that there was no evidence that Plaintiff's back condition satisfied the twelve-month durational requirement under the Act. *See* 42 U.S.C. § 423 (d)(1)(A); 20 CFR §§ 404.1509, 416.909.

Plaintiff contends that MRI results submitted to the Appeals Council after the ALJ's decision provide support for Mr. Williams's assessment.  Imaging from May of 2012 indicated mild disk space narrowing and mild facet arthropathy at T12-L1; mild disk space narrowing, mild bulge, and mild facet arthropathy at L1-L2; minimal disk bulge and mild bilateral facet arthropathy at L2-L3; mild diffuse bulge and moderate bilateral facet athropathy at L3-L4; mild disk bulge, moderate bilateral facet arthopathy, and mild bilateral foraminal stenoses at L4-L5; and moderate bilateral facet arthropathy at L5-S1. (T at 379-80).

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b).   The Appeals Council "will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

In the Ninth Circuit, when the Appeals Council considers new evidence in the context of denying the claimant's request for review, the reviewing federal court must "consider the rulings of both the ALJ and the Appeals Council," and the record before the court includes the ALJ's decision and the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

Because the Appeals Council's decision to deny the claimant's request for review is not a "final decision" by the Commissioner, the federal courts have no jurisdiction to review it.   Rather, the question presented in such cases is whether "the ALJ's decision is supported by substantial evidence after taking into account the new evidence." *Acheson v. Astrue*, No. CV-09-304, 2011 U.S. Dist. LEXIS 25898, at *11 (E.D. Wash. Mar. 11, 2011); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011).   If the new evidence creates a reasonable

possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Here, as the Appeals Council noted (T at 2), the MRI findings do not create a reasonable probability that the ALJ would reach a different decision.  Most of the MRI findings were mild to minimal.  The MRI summary impression indicated mild thoracic kyphosis, minimal anterior wedging of mild thoracic vertebral bodies (with no focal compression fracture seen), moderate focal degenerative disk disease, no focal disk protrusion, and no spinal or foraminal stenosis. (T at 381).  As noted above, Dr. Bolz believed that Plaintiff's back pain was "mostly related to poor muscle tone" (T at 352) and Plaintiff demonstrated significant improvement after a brief period of physical therapy. (T at 378).  Supporting this conclusion in part, Plaintiff reported that his hobbies included gardening, which he performed daily. (T at 224).  This Court finds no basis on which to disturb the ALJ's findings with respect to Mr. Williams's opinion in particular or Plaintiff's back pain complaints generally.

**B.    Step Two Severity Analysis**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c),

416.920(c).   The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28).  The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

In this case, the ALJ determined that Plaintiff's back pain did not rise to the level of a medically determinable, severe impairment. (T at 23). Plaintiff challenges this assessment, citing the evidence outlined in Section A above (i.e. Mr. Williams's initial assessment and the MRI results). This Court finds no error in the ALJ's assessment for the reasons stated above. Most of the MRI findings were mild to minimal. (T at 379-80). Dr. Bolz, Plaintiff's family physician, believed that Plaintiff's back pain was "mostly related to poor muscle tone" (T at 352) and Plaintiff demonstrated significant improvement after a brief period of physical therapy. (T at 378). Ms. Thompson, a treating physician's assistant, noted that Plaintiff did not extend fully and reported that he had "some stiffness" when walking and with lateral bending, but recommended strength training and exercise and did not assess any work-related limitations. (T at 365-66). Other than Mr. Williams's initial assessment of a bending issue (which appears to have improved after a brief period of physical therapy), no medical source identified any work-related limitation arising from Plaintiff's back pain. This Court finds no basis on which to disturb the ALJ's assessment in this regard.

## C.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

He has serious vision problems, including a lack of depth perception. (T at 61). This causes difficulty reading, moving about, and assembling items. (T at 62-64). He uses an inhaler to treat asthma. (T at 65). His asthma symptoms are triggered by seasonal allergies, environmental irritants, and physical exertion. (T at 65-66). Wheezing and shortness of breath are common occurrences and the inhaler

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

is not always effective. (T at 67). He wears hearing aids to address a significant hearing loss. (T at 68-69). His hearing issues made it difficult to hear people talk. (T at 69). Back pain is a problem and affects his ability to bend and twist. (T at 70-71).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expect to cause some of the alleged symptoms, but that not all of his claims were credible. (T at 25). Plaintiff challenges this finding. In particular, he argues that the ALJ should not have discounted his asthma complaints and vision difficulties. He also contends that the ALJ placed undue emphasis on his ability to perform activities of daily living. This Court finds the ALJ's assessment supported by substantial evidence.

The evidence indicates that Plaintiff's asthma was well-controlled. (T at 340, 352, 361). Although Dr. Bolz, Plaintiff's family practice physician, described Plaintiff's asthma as not controlled at a September 2009 office visit, this was because he had not been using his prescription medication (ADVAIR). (T at 340). Dr. Bolz noted that, typically, Plaintiff's asthma was "quite well controlled." (T at 340). Plaintiff's claims concerning his vision limitations were contradicted by the opinion of Dr. Paul Hartkorn, his treating ophthalmologist. Dr. Hartkorn noted that while Plaintiff was blind in his left eye, "his vision in the right eye is correctable to 20/30 acuity which is adequate to allow him to perform normal work related

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

activities for most occupations on a sustained basis." (T at 336).   Although Dr. Hartkorn opined that Plaintiff could not have a career in aviation or as a commercial vehicle operator, he found that "[f]or most other occupations his vision would not be disabling." (T at 336).   Plaintiff points to an assessment by Dr. Jonathan Briggs, another treating ophthalmologist, which was rendered in July of 2012, after the ALJ's decision. (T at 382).   Although this assessment notes continued vision problems related to glaucoma, the condition is described as "controlled" with medications and there is no indication that Plaintiff's vision precludes him from performing basic work activities. (T at 382).

The ALJ also reasonably relied on Plaintiff's testimony concerning his activities of daily living to discount his testimony.  Plaintiff read closed captioning on television, which contradicted his claim that he could not read.   His hobbies included gardening, which was performed daily.  Plaintiff cared for his young son on a consistent basis.  (T at 26).   The ALJ may properly discount a claimant's credibility based upon a contradiction between daily activities and his or her allegations. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002). It is noted that Plaintiff's daily activities were one among several factors cited by the ALJ as the basis for her decision to discount Plaintiff's credibility.

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

Plaintiff's allegations were also contradicted by the non-examining medical experts.  Dr. Minh Vu reviewed the medical record and testified that Plaintiff could perform light work, lifting/carrying 20 pounds occasionally and 10 pounds frequently, six hours of standing/walking/sitting, no limitation in pushing/pulling, and no limitation in gross or fine motor skills. (T at 51-52).  Dr. Vu determined that Plaintiff should not use ropes, ladders, or scaffolds and avoid unprotected heights. (T at 52).

Dr. Charles Wolfe, a State Agency review consultant, opined that Plaintiff could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, had limited depth perception and field of vision, limited hearing, and needed to avoid even moderate exposure to extreme heat, wetness, humidity, noise, and vibration. (T at 354, 344-47).

Plaintiff argues that the ALJ should have weighed the evidence differently and found in favor of his subjective allegations, but it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's credibility findings were supported by substantial evidence and are sustained.

### D.    Development of the Record

Plaintiff contends that the ALJ should have ordered a consultative examination to further develop the record.

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin*., 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."). One of the tools the ALJ has to develop the record is the ability to order a consultative examination, *i.e.*, "a physical or mental examination or test purchased for [a claimant] at [the Commissioner's] request and expense." 20 C.F.R. §§ 404.1519, 416.919.

However, the Commissioner "has broad latitude in ordering a consultative examination." *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001)(quoting *Diaz v. Sec'y of Health and Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990)). "The government is not required to bear the expense of an examination for every claimant." *Id.* (citing 20 C.F.R. §§ 404.1517-1519t, 416.917-919t).

Here, Plaintiff offers the conclusory claim that further development of the record was warranted.  The ALJ reviewed the extensive medical record and provided detailed reasons supporting her decision. (T at 17-34).  As noted above, Dr. Bolz believed that Plaintiff's back pain was "mostly related to poor muscle tone" (T at 352) and Plaintiff demonstrated significant improvement after a brief period of physical therapy. (T at 378).  Plaintiff's treating ophthalmologist provided an opinion concerning his vision limitations. (T at 336).  Medical experts reviewed the record and assessed Plaintiff's residual functional capacity. (T at 51-52, 354).  Plaintiff has identified no evidentiary gap and this Court finds no error with regard to the ALJ's development of the record.

## E.    Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs*., 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In this case, Sharon Welter, a vocational expert, testified at the administrative hearing.  The ALJ asked Ms. Welter to assume an individual with the same age, education, and work experience as Plaintiff.  The hypothetical claimant was limited to light work, with an inability to use ladders, ropes, and scaffolds. (T at 76-77). Depth perception and field of vision would be mildly limited. (T at 77). Communication was somewhat limited and the hypothetical claimant needed to avoid concentrated exposure to extreme cold, respiratory irritants, moderate

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

industrial noise, industrial vibration, and hazards such as dangerous machinery and unprotected heights. (T at 77).   Ms. Welter opined that such a claimant could perform several jobs that exist in significant numbers in the national labor market, such as cafeteria attendant, marker (price), and fast food worker. (T at 78-79).

Plaintiff argues that the hypothetical was flawed and should have included additional limitations related to his back pain, vision problems, asthma, and hearing impairment.   First, the hypothetical accurately encompassed the Plaintiff's limitations, even though portions of the hypothetical were stated in general terms. Moreover, an ALJ is not obliged to accept as true limitations alleged by Plaintiff and may decline to include such limitations in the vocational expert's hypothetical if they are not supported by sufficient evidence. S*ee Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Secondly, the hypothetical presented to the vocational expert was based on the ALJ's RFC determination, which was supported by substantial evidence as outlined above.   Thus, the ALJ properly relied on the expert's response to the hypothetical and this Court finds no error in this aspect of the decision.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective

DECISION AND ORDER – BREWSTER v COLVIN 13-CV-00303-VEB

medical evidence and supported medical opinions. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 16**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 21**, is **GRANTED**.

The District Court Executive is directed to file this Decision and Order, provide copies to counsel, enter judgment in favor of the Commissioner and **CLOSE** this case.

DATED this 14th day of July, 2014.

/s/Victor E. Bianchini

VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE